UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAMEKA BECNEL | CIVIL ACTION |
| VERSUS | NO. 23-6889 |
| USAA CASUALTY INSURANCE COMPANY | SECTION "O" |

## ORDER AND REASONS

Before the Court is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendant USAA Casualty Insurance Company ("USAA CIC") to dismiss the breach-of-insurance-contract claims and the statutory bad-faith claims brought by Plaintiff Shameka Becnel. USAA CIC contends that Becnel fails to state a claim because the insurance policy referenced in her petition and central to her claims confirms that USAA CIC is not Becnel's insurer. USAA CIC's motion to dismiss was noticed for submission on February 7, 2024;[2] Becnel's response was thus due on January 30, 2024. *See* LOCAL CIVIL RULE 7.5. Seven months have passed, and Becnel has failed to file a response. The Court therefore considers the motion to dismiss unopposed.

This dispute arises from Becnel's claim that USAA CIC failed to timely and adequately pay her the proceeds due under her insurance policy for damage her New Orleans property suffered during Hurricane Ida.[3] Becnel sued USAA CIC in state court, alleging that USAA CIC (1) breached the insurance policy[4] and (2) violated

---

[1] ECF No. 9.
[2] ECF No. 9-3.
[3] *See generally* ECF No. 1-1.
[4] *Id.* at ¶¶ 36–38.

statutory duties outlined in Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[5]

USAA CIC removed this case based on diversity jurisdiction.[6] *See* 28 U.S.C. § 1332(a)(1). USAA CIC now moves to dismiss Becnel's claims, arguing that she fails to state claims against it because her policy was issued by another entity, USAA General Indemnity Company ("USAA GIC"), and not USAA CIC.[7]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In its Rule 12(b)(6) review, the Court "accept[s] all well-pleaded facts as true and construe[s] the allegations in the light most favorable to the plaintiff." *Lewis v. Danos*, 83 F.4th 948, 953 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)).

The Court also "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Here, the Court considers the insurance policy that provided coverage for Becnel's property because

---

[5] *Id.* at ¶¶ 39–40. Becnel argues that she is entitled to damages, attorney's fees, penalties, and costs under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes. *Id.*
[6] ECF No. 1.
[7] ECF No. 9.

it is attached to USAA CIC's motion,[8] central to Becnel's claims, and referenced in Becnel's petition.[9] *See, e.g.*, *id.* (considering insurance policy attached to Rule 12(b)(6) motion to dismiss).

The policy itself confirms that Becnel fails to state any plausible claims against USAA CIC. That is because the policy verifies that USAA CIC did not issue it: the homeowners policy special form states "[t]his policy is issued by *USAA General Indemnity Company ("USAA GIC")*."[10] It also notes that "[t]his policy is a legal contract between *you*, the policyholder, and *us*, the insurer."[11] The policy further specifies that "you" refers to the "named insured" identified on the policy's Declarations page, and "us" refers to the "Company providing this insurance."[12] And the first of two Renewal Declarations pages identifies "Shamakia Becnel" as the "named insured" with USAA GIC listed on the header for both pages.[13] When Hurricane Ida made landfall, Becnel's property was covered by a homeowners insurance policy issued by USAA GIC. Therefore, USAA CIC is not Becnel's insurer with respect to the Hurricane Ida property-damage claim that gives rise to Becnel's claims.

The fact that Becnel's policy was issued by USAA GIC—and not USAA CIC—is fatal to her claims against USAA CIC. Becnel's claims require a contractual or

---

[8] ECF No. 9-2.
[9] ECF No. 1-1.
[10] ECF No. 9-2 at 15 (emphasis added).
[11] *Id.* (emphasis added).
[12] *Id.* at 16.
[13] *Id.* at 10–11. The first of the two Renewal Declarations pages identifies the named insured as "Shamakia Becnel." *Id.* at 10. Plaintiff's name is spelled "Shameka Becnel" in both the state court complaint and the petition in this Court. ECF No. 1-1.

insurer–insured relationship between her and USAA CIC with respect to coverage under her policy for the Hurricane Ida damage to her property.[14] Because the policy discussed in Becnel's petition and central to her claims confirms that there is no such relationship between her and USAA CIC, Becnel fails to state plausible claims against USAA CIC.

Accordingly,

**IT IS ORDERED** that Defendant USAA CIC's unopposed motion[15] to dismiss is **GRANTED**. Plaintiff Shameka Becnel's claims against Defendant USAA CIC are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 25th day of September, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[14] Becnel's breach-of-contract claim "requires . . . a contractual relationship" with USAA CIC. *Regions Ins., Inc. v. All. CAB Serv., LLC*, 2019-0714, p. 5 (La. App. 4 Cir. 3/4/20); 293 So. 3d 1218, 1222 (internal citation and quotation marks omitted). Becnel's bad-faith claims similarly require an insurance contract with USAA CIC, *see* LA. STAT. ANN. § 22:1892(A)(1) (imposing duties on "insurers issuing any type of contract" under which "any claim [is] due any insured"), or an insurer–insured relationship with USAA CIC, *see* LA. STAT. ANN. § 22:1973(A).

[15] ECF No. 9.